IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NEW MEXICO EDUCATIONAL**
**RETIREMENT BOARD,**

      **Plaintiff,**

vs.                                                                                          No. CIV 12-0067 RB/WDS

**RENAISSANCE PRIVATE EQUITY PARTNERS,**
**L.P., ALDUS EQUITY PARTNERS, L.P., ALDUS**
**MANAGEMENT CO., LLC, ALDUS EQUITY**
**LLC, ALDUS CAPITAL, LLC, GSS HOLDINGS**
**(NMERB), INC., ERASMUS CAPITAL**
**MANAGEMENT, L.P., DEUTSCHE BANK, A.G.,**
**DBAH CAPITAL, LLC, SAUL M. MEYER,**
**THOMAS HENLEY, MATTHEW O'REILLY,**
**MARK CORRERA, and JOHN DOES 1-10,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** came before the Court on Plaintiff's Motion for Remand and Attorneys' Fees and Costs, (Doc. 6), filed on January 27, 2012. Having considered the submissions of counsel, the record, and relevant law, the Court finds that this matter should be remanded and the request for fees and costs should be denied.

**I.   Background.**

      On October 18, 2010, Plaintiff, (NMERB), filed suit in the First Judicial District Court, County of Santa Fe, State of New Mexico, alleging claims under state law. (Compl.). On August 11, 2011, NMERB filed an Amended Complaint, adding Deutsche Bank AG, (Deutsche), DBAH Capital, LLC, (DBAH), and Mark Correra as Defendants. (Am. Compl). DBAH was served with process on December 22, 2011. (Doc. 1). As of January 20, 2012, Deutsche had not been served

with process. (Doc. 1).

On January 20, 2012, Deutsche and DBAH removed this action on the basis of diversity jurisdiction. *See* 28 U.S.C. §1332. All Defendants are citizens of states other than New Mexico. (Doc. 1). Notably, Deutsche and DBAH alleged that "NMERB is a New Mexico governmental agency." (*Id.*) On January 27, 2012, NMERB moved to remand based on lack of diversity jurisdiction. (Doc. 6). NMERB contends that as it is an arm of the State of New Mexico, it is not a citizen of New Mexico. (*Id.*) Deutsche and DBAH respond that NMERB is a political subdivision of the State and therefore a citizen of New Mexico. (Doc. 21).

**II.    Discussion.**

The removal statute provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The action must be remanded, however, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447(c).

There is a presumption against removal jurisdiction. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed[.]" *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-95 (10th Cir. 2005). The removing parties bear the burden of establishing the requirements for federal jurisdiction. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). All doubts must be resolved against removal. *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir. 1982).

Removal in this case was premised on diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

Diversity jurisdiction is available to resolve disputes between "citizens of different States." 28 U.S.C. § 1332(a)(1). The Supreme Court has held that a political subdivision of a state is considered a "citizen" of a state for diversity purposes, but an arm of the state is not. *See Moor v. Cnty of Alameda,* 411 U.S. 693, 717 (1973); *accord State Ins. Fund v. Ace Transp. Inc.*, 195 F.3d 561, 563 n.1 (10th Cir. 1999) ("A state, or the arm or alter ego of a state, however, does not constitute a 'citizen' for diversity purposes."). If a party is a political subdivision of a state, such as a county or a city, it is considered a "citizen" of a state and diversity jurisdiction may arise. *Moor*, 411 U.S. at 717. However, if a party is an arm of the state, such as a state agency, it is not a "citizen" of a state and no diversity jurisdiction exists. *Id.* Thus, the crucial question is whether NMERB is an arm of the state, or a political subdivision of the state.

Chief Judge Black has determined that "there is no question that" NMERB is an arm of the state rather than an independent political subdivision and there is "no basis for exercising diversity jurisdiction" over NMERB. *N.M. el rel. Nat'l Educ. Ass'n of N.M. v. Austin Capital Mgmt. Ltd.*, 671 F. Supp. 2d 1248, 1252-53 (D.N.M. 2009). While Deutsche and DBAH characterize this holding as dicta, (Doc. 21 at 10 n. 2), they do not dispute that *Austin Capital* determined the precise issue before this Court, *i.e.*, that the NMERB is an arm of the state rather than an independent political subdivision. *Austin Capital*, 671 F. Supp. 2d at 1252-53. A fair reading of Chief Judge Black's decision in *Austin Capital* reveals that his analysis on this issue was not dicta, but rather it was an alternative ground on which he based his conclusion that there was no diversity jurisdiction. *Austin Capital*, 671 F. Supp. 2d at 1253. *Austin Capital* was correctly decided and its reasoning, adopted herein, requires remand.

It is also significant that, with respect to another New Mexico retirement association, Judge Conway has held that the removing parties had not alleged sufficient facts to establish that the

3

retirement association was a political subdivision, rather than an arm of the state. *Pub. Emps. Ret. Ass'n of N.M. v. Clearlend Sec.*, 798 F. Supp. 2d 1265, 1269 (D.N.M. 2011). Deutsche and DBAH have admitted that "NMERB is a New Mexico governmental agency." (Doc. 1). They have alleged no other facts which would support a finding that NMERB is a political subdivision, as opposed to an arm of the state. Simply put, Deutsche and DBAH have failed to allege sufficient facts to establish that NMERB is a citizen of the State of New Mexico. Because the Notice of Removal does not state sufficient facts to establish a jurisdictional element of diversity, the motion to remand will granted.

NMERB requests an award of attorney fees and costs on the ground that the removal was objectively improper. The district court has discretion to require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal. *See* 28 U.S.C. §1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Deutsche and DBAH attempted to distinguish *Austin Capital*, and *Clearlend* was not directly on point. While the district court opinions cited herein are persuasive, they are not binding. Under these circumstances, Deutsche and DBAH had an objectively reasonable basis for removing this case. Each party should bear its own costs and fees.

**WHEREFORE,**

**IT IS ORDERED** that NMERB's Motion for Remand and Attorneys' Fees and Costs (Doc. 6), filed on January 27, 2012, is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that this matter is remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico.

**IT IS FURTHER ORDERED** that each party shall bear its own costs and fees.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**